## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RADIO NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Case No: |
| BAISDEN ENTERPRISES, INC., | ) | |
| and MICHAEL BAISDEN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORIGINAL COMPLAINT

Plaintiff Radio Networks, LLC ("Plaintiff" or "Radio Networks"), by and through its undersigned counsel, hereby files this Original Complaint against Defendants Baisden Enterprises, Inc. ("BE") and Michael Baisden ("Baisden" and, collectively with BE, "Defendants"), stating as follows:

### I.      Parties and Jurisdiction

1.      Radio Networks is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.   The sole member of Radio Networks is a citizen of Delaware.

2.      BE is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas.  BE can be served through its registered agent, Daryl K. Washington, at 325 N. St. Paul, Ste. 1875, Dallas Texas 75201, or wherever he may be found.

3.      Baisden is an individual who, upon information and belief, is currently domiciled in and a citizen of the state of Florida.  Baisden is believed to reside at 1844 N. Nobb Hill Road, Suite 433, Plantation, Florida 33322, and he may be personally served with process at that

address, or wherever he may be found.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5.      Venue is proper in this Court under 28 U.S.C. § 1391 because BE is a resident in this district and a substantial part of the events giving rise to this claim occurred in this district. In addition, the contract between Radio Networks and Defendants requires any actions to be brought in this district.

## II.      Factual Background

6.      Baisden is an on-air radio personality.  In 2008, he was the talent for a radio talk program produced by BE known as the "Michael Baisden Show."

7.      On or about November 12, 2008, BE and Radio Networks entered into an agreement for the production and delivery of radio programs featuring Baisden (the "Agreement").

8.      In connection with the Agreement, Baisden signed a personal guarantee (the "Guarantee"), agreeing to "guarantee the obligations of Baisden Enterprises, Inc. to [Radio Networks]" under the Agreement.

9.      The Agreement was amended by signed agreements on May 4, 2010, July 9, 2010 (the "Second Amendment"), and March 9, 2011 (collectively, the "Amendments").

10.      Under the Agreement and the Second Amendment, part of the payment obligation of Radio Networks was to pay BE a specific "Guaranteed Amount" (as defined in the Agreement) for each year of the term of the Agreement, subject to certain limitations.  Under the

Second Amendment, the Guaranteed Amount for the final fifteen (15) months of the Agreement was to be paid to BE as follows: (1) an initial advance payment in the amount of $1,000,000.00 to be made within two (2) days of the execution of the Second Amendment, and (2) the balance of the Guaranteed Amount to be paid out in fifteen (15) equal monthly installments beginning in January 2012. In addition to the Guaranteed Amount, the Agreement and its Amendments obligated Radio Networks to make certain additional payments to BE.

11.     The Agreement and its Amendments required BE to return any unearned portions of the Guaranteed Amount in the event that the Agreement was terminated early.

12.     The Agreement and its Amendments further provided that if Radio Networks made any overpayments, it could deduct the amount of such overpayments from any future payments.

13.     Additionally, the Agreement and its Amendments affirmatively obligated BE to repay Radio Networks for any accidental overpayments that BE discovered.

14.     The parties thus intended and agreed that BE was not entitled to retain any amounts paid by Radio Networks to BE beyond those amounts which Radio Networks was obligated to pay under the Agreement and its Amendments.

15.     Radio Networks made all payments to BE as required under the Agreement and the Amendments.

16.     Radio Networks met all conditions precedent to be allowed to enforce the Agreement and Amendments.

17.     Radio Networks timely made the $1,000,000.00 advance payment of the Guaranteed Amount as required by the Second Amendment.

18.     Through accounting error, however, Radio Networks thereafter made fifteen (15) equal monthly payments which mistakenly totaled the entire Guaranteed Amount, not the Guaranteed Amount less the advance payment of $1,000,000.00, as contemplated under the Second Amendment.

19.     Specifically, this accounting error caused BE to receive an additional $66,666.67 for each of the fifteen (15) payments—an overpayment of approximately $1,000,000.00—money that BE was not entitled to receive under either the Agreement or its Amendments.

20.     BE and Baisden accepted and retained each of these overpayments during the fifteen (15) months in question.

21.     BE and Baisden were aware that these payments were in excess of the amounts due and owing under the Agreement and Amendments.

22.     BE and Baisden at no time informed Radio Networks of this accounting error, and never offered to return any of the amounts constituting the overpayments.

23.     In late 2012, the parties began negotiating a potential renewal of the Agreement. These negotiations were unsuccessful, and the term of the Agreement and Amendments ran in March of 2013.

24.     Almost immediately after the end of the term of the Agreement and Amendments, Radio Networks realized the accounting error, and contacted BE and Baisden to request the return of the total $1,000,000.00 of overpayments.

25.     Baisden and BE, however, steadfastly refused to return the overpaid amounts, and to this day have retained the $1,000,000.00.

### III.   Causes of Action

### Count I: Breach of Contract Against Defendants

26.    Radio Networks incorporates all foregoing paragraphs as if repeated herein verbatim.

27.    As set forth above, BE and Baisden received and kept a total of $1,000,000.00 in payments in excess of the amounts Radio Networks was obligated to pay (and BE was entitled to receive) under the Agreement and its Amendments.

28.    Under the Agreement and its Amendments, BE is not entitled to retain these funds, and, in fact, is affirmatively obligated to return these overpaid amounts to Radio Networks.

29.    Further, under the Guarantee, Baisden guaranteed each and every obligation of BE, including the obligation to repay Radio Networks for the $1,000,000.00 overpayment.

30.    Both BE and Baisden have failed and refused to meet their contractual obligations.

31.    As a direct and proximate result of Defendants' breach of the Agreement and its Amendments, Radio Networks has been damaged in the amount of $1,000,000.00, plus lost interest and attorneys' fees.

### Count II: Restitution and Money Had And Received Against Defendants

32.    Radio Networks incorporates all foregoing paragraphs as if repeated herein verbatim.

33.    As an alternative claim, to the extent that BE and Baisden's refusal to return the overpayment is not considered a breach of contract, Defendants will be unjustly enriched if

allowed to keep the overpayment of $1,000,000.00.

34.     Defendants obtained the $1,000,000.00 overpayments without providing any goods and services in consideration for these payments, and have refused to return this money to Radio Networks.

35.     To allow Defendants to retain this overpayment would result in gross inequity and would be unconscionable, as Defendants have taken no actions to earn the overpayment, and provided no cognizable basis for any refusal to return the overpayment.

36.     Defendants will suffer no prejudice by being required to repay this amount to Radio Networks, as Defendants took no actions to earn the $1,000,000.00, and Radio Networks promptly notified Defendants of the overpayment as soon as it was discovered.

37.     Under the principles of equity, it would be unjust to allow Defendants to retain the $1,000,000.00 overpayment.

38.     As a result, Defendants should be required to repay the $1,000,000.00 overpayment to Radio Networks.

### Count III:  Attorneys' Fees

39.     Radio Networks incorporates all foregoing paragraphs as if repeated herein verbatim.

40.     It has been necessary for Radio Networks to engage counsel to represent it in the prosecution of this claim.  Radio Networks has agreed to pay said attorneys a reasonable fee for their services and it is, therefore, entitled to recover such fees from Defendants pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §38.001 et seq., as well as any other state or federal statute providing for the payment of attorneys' fees to the prevailing party on claims pleaded by Radio

Networks herein.

WHEREFORE, Radio Networks prays that this Court:

(a) Enter judgment in favor of Radio Networks and against BE and Baisden, jointly and

severally, in the amount of $1,000,000.00 plus pre- and post-judgment interest;

(b) Award Radio Networks all costs and expenses of litigation, including all attorneys'

fees, incurred in bringing this action; and

(c) Grant Radio Networks such other and further relief as is just and proper, special or

general, at law or in equity.

Respectfully submitted this 21st day of May, 2014.

Respectfully submitted,

**WICK PHILLIPS GOULD & MARTIN, L.L.P.**

*/s/ L.David Anderson*
L. David Anderson
***Attorney-in-Charge***
State Bar No.00796126
david.anderson@wickphillips.com

2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255