IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RADIO NETWORKS LLC § | |
| § | |
| Plaintiff § | |
| v. § | CAUSE NUMBER: 3:14-cv-01860-L |
| § | |
| BAISDEN ENTERPRISES INC., *et al.* § | |
| § | |
| Defendants § | |

### DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Baisden Enterprises Inc. ("BEI") and Michael Baisden ("Baisden") (collectively, "Defendants") file this First Amended Answer and Affirmative Defenses to the Complaint for Damages (the "Complaint") filed by Plaintiff Radio Networks, LLC ("Radio Networks") and show the following:

### PRELIMINARY STATEMENT

The purpose of the First Amended Answer is to invoke additional defenses, which establish that Radio Networks has no claim against BEI and Baisden. Furthermore, the contract dispute outlined in Radio Networks' Complaint is not the product of any deliberate act by BEI or Baisden, nor does it result from a cavalier disregard of contractual provisions by Defendants, as the Plaintiff repeatedly suggests. Nor has Baisden or BEI ever conceded that a contractual "overpayment" was ever made, as Plaintiff alleges. Nor has Baisden or BEI "steadfastly refused" to return such alleged "overpayment." In addition to the fact that there is no agreement between the parties that provides for refunds of "overpayments" in these circumstances, even assuming *arguendo* an "overpayment" had been made, the core dispute results from Radio Networks'

refusal to abide by the terms of its agreement with defendants, including the obligation to allow a full and fair audit of Radio Networks' books and records that would address, among other irregularities, the reasons for a dramatic and unprecedented diminution in revenues applicable to the Michael Baisden show during the last several months of the parties' agreement. BEI and Baisden contend that the evidence, once developed, will demonstrate that it is Radio Networks that has breached the agreements, the result of which would relieve BEI and Baisden from the requirement, if any, to make any payments to Radio Networks.

BEI and Baisden respond to the Complaint as follows:

### RESPONSE TO PARTIES, VENUE AND JURISDICTION

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of the Complaint.

2. Admit the allegation in Paragraph 2 of the Complaint.

3. Deny the second sentence in Paragraph 3. Otherwise, admit.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 4 of the Complaint.

5. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5 regarding the location of "a substantial part of the event giving rise to this claim." Admit that a written contract between BEI and Radio Networks requires that "Dallas County, Texas shall be the exclusive forum for the resolution of disputes arising out of [the agreement] or its performance."

### RESPONSE TO FACTUAL BACKGROUND

6. Admit the allegations in Paragraph 6 of the Complaint.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 7 of the Complaint since the nature of the "Agreement" to which this Paragraph applies is uncertain except to admit that BEI entered into a written letter agreement with Radio Networks, effective January 1, 2009, "concerning [BEI's] production and delivery of radio programs featuring the services of Michael Baisden."

8. Admit that Baisden guaranteed BEI's obligations under the written letter agreement with Radio Networks effective January 1, 2009.

9. Admit the allegation in Paragraph 9 of the Complaint to the extent the "Agreement" refers to the written letter agreement between BEI and Radio Networks effective January 1, 2009.

10. Deny generally the allegations in Paragraph 10 of the Complaint.

11. Deny the allegations in Paragraph 11 of the Complaint.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Deny the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations in Paragraph 14 of the Complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 15 of the Complaint except admit that Radio Networks refused to supply information necessary to complete an audit which preliminarily showed, among other irregularities, a dramatic diminution in revenues applicable to the Michael Baisden show during the last several months of the Agreement.

16. Deny the allegations in Paragraph 16 of the Complaint.

17. Admit the allegation in Paragraph 17 of the Complaint.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 18 of the Complaint.

19. Deny the allegations in Paragraph 19 of the Complaint.

20. Deny the allegations in Paragraph 20 of the Complaint.

21. Deny the allegations in Paragraph 21 of the Complaint.

22. Deny the allegations in Paragraph 22 of the Complaint.

23. Deny generally the allegations in Paragraph 23 of the Complaint except to admit that negotiations between BEI and Radio Networks did not result in extension of the Agreement.

24. Deny generally having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint.

## RESPONSE TO FACTUAL BACKGROUND

26. Incorporates by reference the responses to Paragraphs 1-25 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 27 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 28 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Deny the allegations in Paragraph 29 of the Complaint.

30. Deny the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph

31 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Incorporates by reference the responses to Paragraphs 1-31 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 33 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 34 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 35 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 36 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 37 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 37 of the Complaint.

38.  Deny the allegations in Paragraph 38 of the Complaint.

39.  Incorporates by reference the responses to Paragraphs 1-38 of the Complaint.

40.  The allegations in Paragraph 40 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 40 make allegations regarding Defendants' actions or inactions related to any purported legal duty, Defendants deny the allegations in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants repeat and re-allege the responses and defenses set forth in this Answer to the Complaint as if they were fully set forth in each of the following affirmative defenses and identify additional factual allegations in support of the affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred as a result of Plaintiff's material breach of agreements with BEI and Baisden. Plaintiff had an obligation to perform pursuant to the agreement between the parties but breached the following provisions of the agreement, among others:

(1)  Section 1 of the agreement, for instance, on multiple occasions when Plaintiff did not provide adequate or complete programming, production, marketing, promotional and distribution services consistent with those commonly expected in the industry and with its other radio properties;

(2)  Section 2 of the agreement, for instance, when it (a) refused to the match a bona fide multi-year third-party offer; (b) refused to engage in good faith negotiations with Baisden pursuant to Paragraph 2(b); (c) insisted on applying an egregious and unenforceable covenant not to compete provision; and (d) through threats, prevented Baisden and the third-party

6

offeror from entering into the multiyear offer that would have allowed Baisden to be employed for multiple years on a national radio format;

(3) Section 3 of the agreement, for instance, when it refused to allow Defendants to have full access to records to undertake an accounting and, upon information and belief, made improper revenue allocations and assignments or appropriations of expenses;

(4) Section 5 of the agreement, for instance, when it failed to exercise reasonable commercial efforts to perform this clause; and

(5) Refusing to abide by, and violating, its duty to perform or enforce the contract in good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred as a result of Plaintiff's unclean hands. Specifically, Plaintiff's breaches identified above demonstrate examples of Plaintiff's unclean hands and Plaintiff was aware that BEI relied on Plaintiff to provide an accurate accounting of expenses and revenue but failed to provide the proper accounting. In addition, Plaintiff failed to use commercial reasonable efforts to increase the value of the Michael Baisden Show or advertising revenues earned by the show.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred as a result of offset.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred by the doctrines of ratification, waiver and/or estoppel. For instance, BEI reasonably relied on Plaintiff's promise to pay BEI according to the agreement, and Plaintiff should have anticipated that Defendants would act in reliance on these promises. In addition, Plaintiff ratified the payments made under the Agreement and thus Plaintiff's actions constitute a waiver of any alleged obligation to "repay" any sums to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred by the doctrine of laches. Plaintiff did not make any allegation of an alleged overpayment until long after the agreement had been terminated in March 2013.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, were caused by Plaintiff's own culpable conduct and, accordingly, Plaintiff is barred from any recovery against Defendants. See also, facts alleged in Second Affirmative Defense above.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred by the doctrine of accord and satisfaction. During the course of the agreement, BEI and Baisden performed their obligations under the agreement and satisfied the requirements of the agreement.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred to the extent certain provisions of the contract, e.g. the terms of the covenant not to compete, are illegal because it is void or unreasonable by statute or public policy. Specifically, Baisden was harmed when Cumulus and Radio Networks insisted on precluding Baisden from working anywhere in the world for one-year after it terminated his contract. It was unreasonable and against public policy to have prevented Baisden from accepting any other radio offer by imposing an unreasonable limitation as to time, geographical area, and scope of Baisden's activity to be restrained.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against BEI and Baisden, if any, are barred by Plaintiff's failure to mitigate. During the time of the alleged underpayment, Plaintiff failed to undertake any effort to discover its error, if any, and prevent further payments from being made.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against BEI and Baisden, if any, are barred as a result of Plaintiff's prevention of performance. During the time of the alleged underpayment, Plaintiff failed to ask for a repayment or offset, thus preventing Defendants from performing, if a performance was due.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against BEI and Baisden, if any, are barred as a result of Plaintiff's cancellation or termination of contract, which excuses other duties, if any. Effective March 31, 2013, Plaintiff cancelled and terminated the agreement with Defendants, thus excusing any remaining duties except, arguably, those expressly reserved in any survival clauses in the Agreement.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against BEI and Baisden, if any, are barred in whole or in part as a result of the statute of limitation. According to Plaintiff's documents, some of the alleged payments, for which Plaintiff seeks recovery, were made in January 2012, yet Plaintiff did not file the lawsuit until May 2014. Thus, some or all of Plaintiff's recovery is precluded by the statute of limitation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred in whole or in part under the doctrine of Statute of Frauds. None of the agreements, on which Plaintiff relies, contain an "obligation to repay" an alleged advance. Any assurances that Plaintiff may contend Baisden made regarding alleged overpayments are not enforceable unless they are in writing and signed by the parties, and the agreements cannot be modified by oral discussions between the parties. No such written agreements exist or have been produced.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred in whole or in part as a result of the Parol Evidence Rule. None of the written agreements, on which Plaintiff relies, contain an "obligation to repay" an alleged advance, and to the extent Plaintiff relies on an oral promise, it is excluded by express language in the Agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against BEI and Baisden, if any, are barred in whole or in part as a result of Plaintiff releasing Defendants from the contract. Effective March 31, 2013, Plaintiff cancelled and terminated the agreement with Defendants, thus excusing any remaining duties except, arguably, those expressly reserved in any survival clauses in the Agreement.

### ADDITIONAL AFFIRMATIVE DEFENSES

In the event additional facts come to light, Defendants reserve the right to assert additional defenses or counterclaims in amendments and supplements to this Answer.

### PRAYER

WHEREFORE, having responded to the Complaint, Baisden and BEI pray as follows:

      a.      that the court enter a judgment dismissing the Radio Networks' Complaint and all claims stated therein with prejudice and discharging Baisden and BEI from all liability under Radio Networks' Complaint and claims;

      b.      that Baisden and BEI be awarded their attorneys' fees and expenses of litigation incurred in this action;

      c.      that all costs of this action of this action be taxed against Radio Network; and

      d.      that the court award Baisden and BEI such other and further relief as it may deem just and proper.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

11

**CERTIFICATE OF SERVICE**

    I hereby certify that on _____ \_\_, 2015, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                        /s/ Aubrey "Nick" Pittman
                                        AUBREY "NICK" PITTMAN