**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RADIO NETWORKS, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No: 3:14-CV-1860-L |
| BAISDEN ENTERPRISES, INC., | § | |
| and MICHAEL BAISDEN, | § | |
| | § | |
| Defendants/Counter-Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CUMULUS MEDIA, INC., | § | |
| | § | |
| Counter-Defendant.[1] | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Rule 50 Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial under Rule 59 (Doc. 302), filed October 25, 2017. Having considered the motion, response, reply, record, evidence adduced at trial, jury verdict rendered on July 19, 2017, and applicable law, the court **denies** Defendants' Rule 50 Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial under Rule 59 (Doc. 302).

**I.     Background**

    **A.     The Lawsuit and the Parties' Contentions**

On May 21, 2104, Plaintiff Radio Networks, LLC ("Radio Networks" or "Plaintiff") filed this action against Defendants Michael Baisden ("Mr. Baisden") and Baisden Enterprises, Inc. ("BEI") (collectively, "Defendants"). The lawsuit arose from a contractual dispute between the

---

[1] On January 13, 2016, the court granted Defendants leave to join Cumulus Media, Inc. as a party to this action. *See* Order (Doc. 84).

parties as to whether Radio Networks overpaid BEI and Mr. Baisden by approximately $1,000,000 under an agreement entered into by Radio Networks and BEI on November 12, 2008, for the production and delivery of radio programs featuring Mr. Baisden (the "Agreement"). Radio Networks contended that, because of an accounting error, it overpaid Defendants under the terms of the Agreement by approximately $1,000,000, and that Defendants were required by law to return the overpayment. Radio Networks brought claims for breach of contract or, in the alternative, money had and received, and for fraudulent transfers from BEI to Mr. Baisden under the Texas Uniform Fraudulent Transfer Act ("TUFTA").

Defendants contended that Radio Networks could not establish that it overpaid Defendants under the Agreement. Defendant BEI further contended and counterclaimed that Radio Networks and its parent company, Cumulus Media, Inc. ("Cumulus"), which was joined as a third-party Defendant, breached the Agreement by obstructing its ability to conduct an audit permitted under the Agreement and by failing to use efforts consistent with normal commercial practices to market and distribute the Michael Baisden show. According to Defendants, a proper audit would have revealed that they were not overpaid, and may have been underpaid. Further, BEI contended that, had Radio Networks and Cumulus used efforts consistent with normal commercial practices to market and distribute the Michael Baisden show, Defendants would have reached or exceeded the threshold amount in the Agreement, which would have entitled them to the $1,000,000. Radio Networks and Cumulus asserted several defenses to BEI's breach of contract counterclaims. Defendants asserted several defenses to Radio Networks' three claims.

### B. The Court's Ruling on the Parties' Summary Judgment Motions

On June 20, 2017, in an amended memorandum opinion and order, the court granted in part and denied in part Radio Networks and Cumulus's Motion for Partial Summary Judgment,

and denied Mr. Baisden and BEI's Motion for Summary Judgment. *See* Am. Mem. Op. & Order (Doc. 211). As a result of this decision, remaining for trial were: Radio Networks' claim for breach of contract; alternative claim for money had and received; and fraudulent transfer claim; as well as BEI and Mr. Baisden's counterclaim for breach of contract.

### C. The Trial and Jury Verdict

This civil action was tried over a period of twelve days from June 22, 2017, to July 19, 2017. The jury rendered its verdict on July 19, 2017. *See* Court's Charge to the Jury ("Jury Charge") (Doc. 281).

As to Plaintiff's breach of contract claim, the jury found (in response to Question Nos. 1 through 4 of the Jury Charge) that Defendants breached the Agreement by failing to return an overpayment of "approximately one million dollars." *See* Doc. 281 at 11-12. The jury also found (in response to Question No. 5 of the Jury Charge) that Mr. Baisden was personally liable for BEI's obligations under the Agreement pursuant to a guaranty. *Id.* at 13. Finally, the jury found (in response to Question No. 10 of the Jury Charge) that $800,000 would fairly and reasonably compensate Plaintiff for its damages resulting from Defendants' breach of the Agreement. *Id.* at 21.

With respect to Plaintiff's claim for restitution and money had and received, which Plaintiff pled in the alternative to its breach of contract claim, the jury found in response to Question No. 6 of the Jury Charge that BEI or Mr. Baisden received money from Plaintiff that in equity and good conscience belonged to Plaintiff. *Id.* at 14. The jury also found (in response to Question No. 11 of the Jury Charge) that the amount Defendants received that in equity and good conscience belonged to Plaintiff was $1,000,000. *Id.* at 22.

As to Plaintiff's fraudulent transfer claim, the jury found (in response to Question Nos. 7 through 9 of the Jury Charge) that BEI fraudulently transferred money to Mr. Baisden, at his direction, and that these transfers were made when BEI was insolvent. *Id.* at 15-17. The undisputed evidence produced at trial, including Defendants' bank records and interrogatory answers, established that the transfers made after March 1, 2013—when Plaintiff first demanded that Defendants return the $1,000,000—totaled $700,000. *See* Ex. 1 to App. in Supp. of Pl.'s Brief in Supp. of Mot. for J.M.O.L. (Doc. 291) (Pl.'s Ex. 50, Resp. to Interr. No. 3). At trial, Defendants disputed liability, arguing that the transfers were made in good faith, but they never denied or challenged the amount of the transfers. Defendants did not object to the admission of Plaintiff's Exhibit 50, insofar as it lists the amount of each transfer after March 1, 2013, which transfers total $700,000. Moreover, Defendants did not produce any evidence to dispute the amount of the transfers, which the jury found to be fraudulent. Notwithstanding these findings, the jury found (in response to Question No. 12 of the Jury Charge) that the amount of money or property transfers found to be fraudulent was "$0.00." *Id.* at 23.

As to exemplary damages to be awarded in connection with the fraudulent transfer claim, the jury found (in response to Question No. 14 of the Jury Charge) that Plaintiff had established, by clear and convincing evidence, that it suffered harm resulting from Defendants' malice or fraud and awarded Plaintiff $1,000,000 in exemplary damages jointly against Defendants. *Id.* at 24-25.

### D. Postverdict Rulings

Following the jury's verdict, Defendants requested that the court vacate the jury's award of exemplary damages because, in response to Question No. 12 of the Jury Charge, with respect to the amount of fraudulent transfers, the jury answered "$0.00." Under Texas law, exemplary damages may only be awarded if actual damages are awarded relating to a claim for which

exemplary damages are recoverable. Tex. Civ. Prac. & Rem. Code §41.004(a); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009). In light of the jury's response to Question No. 12, and Defendants' request that the court vacate the jury's award of exemplary damages, rather than enter judgment pursuant to the jury's verdict, the court directed the parties to submit legal briefs addressing the issue of exemplary damages raised by the jury's answer to Question No. 12 of the Jury Charge. *See* Order (Doc. 285).

On July 26, 2017, Plaintiff filed its Motion to Enter Judgment as a Matter of Law as to Damages Consistent with the Evidence Adduced at Trial (Doc. 289), asking the court to: (1) increase the jury's damages award on its breach of contract claims from $800,000 to $999,999.95; and (2) increase the jury's damages award on its fraudulent transfer claim from $0 to $700,000. Radio Networks also filed a Motion Regarding Recovery of Punitive Damages (Doc. 292), asking the court to enforce the jury's award of exemplary damages in the amount of $1,000,000 by granting its Motion to Enter Judgment as a Matter of Law as to Damages Consistent with the Evidence Adduced at Trial. On November 7, 2017, the court issued its memorandum opinion and order denying the motion insofar as it requested that the court increase the jury's damages award on its breach of contract claim from $800,000 to $999,999.95, and granting the motion insofar as it requested that the court increase the jury's damages award on its fraudulent transfer claim from $0.00 to $700,000. Specifically, the court concluded that:

> (1) the jury properly determined liability on Plaintiff's breach of contract and fraudulent transfer claims; (2) the evidence pertaining to the amount of damages on Plaintiff's breach of contract claim was disputed at trial, and no modification of the jury's award is warranted or permissible; and (3) the evidence pertaining to the amount of damages on Plaintiff's fraudulent transfer claim was undisputed and modification of the jury's award is required to avoid a manifest injustice.

The court modified the jury award to reflect an increase from "$0.00" to "$700,000" in response to Question No. 12 of the Jury Charge, and upheld the jury's verdict awarding exemplary damages

**Memorandum Opinion and Order – Page 5**

for Plaintiff's fraudulent transfer claim in the amount of $1,000,000. On November 17, 2017, as directed by the court, Radio Networks filed its Notice Regarding Election of Remedy (Doc. 307) ("Notice"), informing the court of its election to recover under its fraudulent transfer claim under TUFTA, and requesting that the court enter judgment in its favor as follows: "compensatory damages in the amount of $700,000.00, exemplary damages in the amount of $1,000,000.00, plus pre- and post-judgment interest as well as reasonable attorneys' fees and costs to be assessed pursuant to Federal Rule of Civil Procedure 54(d)." Notice 1.

### E. Defendants' Rule 50 Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial under Rule 59

On October 25, 2017, Defendants filed their Rule 50 Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial under Rule 59 (Doc. 302). In support of their motion for judgment as a matter of law, Defendants argue that Radio Networks cannot prevail on its breach of contract claim because the Agreement contained no provision requiring Defendants to return an overpayment resulting from an accounting error. Defendants also argue that Radio Networks cannot recover on its money had and received claim (brought in the alternative to its breach of contract claim), because it was seeking to recover under the express terms of the Agreement. Further, Defendants contend they are entitled to judgment as a matter of law on their counterclaim for breach of contract because Radio Networks and Cumulus failed to allow them to conduct a contractually mandated audit of Radio Networks' books and records, and that no evidence was presented from which a jury could have reasonably concluded that Defendants were permitted to conduct the audit. Finally, Defendants argue they are entitled to judgment as a matter of law on their affirmative defenses of unclean hands, statute of limitations, and the doctrines of waiver and laches.

In support of their motion for a new trial, Defendants argue that a new trial should be granted because the jury's verdict was against the great weight of the evidence and was the result of counsel misconduct and mistaken jury instructions. For the reasons that follow, the court will deny the Rule 50 motion and alternative Rule 59 motion.

## II. Legal Standards

### A. Motion for Judgment as a Matter of Law – Rule 50(a)

Rule 50(a) of the Federal Rules of Civil Procedure provides in relevant part:

(a) **Judgment as a Matter of Law.**

    (1) **In General**. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

        (A) resolve the issue against the party; and

        (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

    (2) **Motion.** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). "A litigant cannot obtain judgment as a matter of law unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *OneBeacon Ins. Co. v. T Wade Welch & Assocs.*, 841 F.3d 699, 675 (2016) (internal quotation marks and citation omitted). In reviewing a motion under Rule 50, the court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [it] might regard as more reasonable." *Westlake Petrochems., L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 239 (5th Cir. 2012). Finally, "it is the function of the jury as the traditional finder of facts, and not for the Court, to weigh conflicting evidence and

inferences, and determine the credibility of witnesses." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (quoting *Mosley v. Excel Corp.*, 109 F.3d 1006, 1009 (5th Cir. 1997)).

**B.     Motion for New Trial – Rule 59(a)**

A court, upon motion, may "grant a new trial on all or some of the issues" to any party after a jury trial, for any reasons for which a new trial has heretofore been granted in an action at a law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  New trials may be granted if a district court determines that the "verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (footnote and citations omitted).  The appeals court reviews the denial of a motion for trial for an abuse of discretion.  A "district court abuses its discretion by denying a new trial 'only when there is an absolute absence of evidence to support the jury's verdict.'" *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (citations omitted).  If the evidence at trial is legally sufficient to support the jury's verdict, a district court does not abuse its discretion by denying a motion for new trial. *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016) (citations omitted).  The appeals court is to view the evidence "in the light most favorable to the jury verdict." *Wellogix*, 716 F.3d at 881 (quoting *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991)).  A motion for new trial must clearly show that "a manifest error of law" occurred at the trial. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1991) (citation omitted).

**III.    Analysis**

**A.     Motion for Judgment as a Matter of Law – Rule 50(a)**

In support of their motion for judgment as a matter of law, Defendants argue that Radio Networks cannot prevail on its breach of contract claim because the Agreement contained no

provision requiring Defendants to return an overpayment resulting from an accounting error. Defendants also argue that Radio Networks cannot recover on its money had and received claim (brought in the alternative to its breach of contract claim), because it was simultaneously seeking to recover under the express terms of the Agreement. Further, Defendants contend they are entitled to judgment as a matter of law on their counterclaim for breach of contract because Radio Networks and Cumulus failed to allow them to conduct a contractually mandated audit of Radio Networks' books and records, and no evidence was presented from which a jury could have reasonably concluded that Defendants were permitted to conduct the audit.

The court finds that these arguments lack merit and are repetitive of arguments previously made to, and rejected by, the court. Defendants are simply relitigating and rehashing the same arguments that the court has already thoroughly considered and rejected in its June 20 ruling on the parties' summary judgment motions (*see* Am. Mem. Op. & Order). With respect to Defendants' argument that it is entitled to judgment as a matter of law on Radio Networks' breach of contract claim because the Agreement contained no provision requiring Defendants to return an overpayment resulting from an accounting error, the court already considered and rejected this argument. *See* Am. Mem. Op. & Order 26-27 (Doc. 211). The court declines to revisit this argument.[2] Further, Defendants have failed to show that a jury could not have reasonably found in Radio Network's favor on this claim. The court correctly instructed the jury that "when a contract is silent on a matter, reasonable terms may be inferred to effectuate the intent of the

---

[2] The court notes that Defendants have already had two "bites at the apple." Specifically, following the court's initial ruling on the parties' summary judgment motions, Defendants filed a twenty-two page Emergency Motion for Reconsideration of Limited Summary Judgment Findings and Motion for Oral Argument (Doc. 169). After considering the motion, the court granted reconsideration in part and amended its summary judgment decision accordingly. *See* Am. Mem. Op. & Order (Doc. 211).

**Memorandum Opinion and Order – Page 9**

parties." Jury Charge 11.³  The evidence presented to the jury was sufficient for the jury to conclude that the parties intended for any erroneous payments under the Agreement to be repaid. Further, Defendants' argument that Baisden is entitled to judgment as a matter of law because he could not be personally obligated to return any overpayment is yet another attempt to relitigate the court's ruling that "[i]f a jury finds that BEI is liable for breach of contract . . . Baisden [is] liable under the Guarantee he signed agreeing to 'be personally bound by all . . . provisions [of the Agreements] . . . and [to] personally guarantee[] the obligations of [BEI]' under the Agreement." Am. Mem. Op. & Order 28 n.16 (Doc. 211).  Again, the court declines to revisit its summary judgment ruling.

The court similarly rejects Defendants' argument that they are entitled to judgment as a matter of law on Radio Networks' money had and received claim, which was brought in the alternative to its breach of contract claim.  First, given Radio Networks' Notice that is electing to recover under its fraudulent transfer claim, arguments pertaining to the money had and received claim are moot.  In any event, the court has already rejected Defendants' argument that Radio Networks may not recover on its money had and received claim in its amended memorandum opinion and order, and it sees no reason to revisit this issue posttrial.  *See* Am. Mem. Op. & Order 17 (Doc. 211).

With respect to Defendants' argument that they are entitled to judgment as a matter of law on certain affirmative defenses, the court rejects this contention.  First, with regard to the affirmative defense of unclean hands, the court instructed the jury on the unclean hands defense, but the jury found that Defendants had not met their burden of proving this defense by a

---

³ The court also included the same language in its Jury Charge with respect to Defendants' breach of contract counterclaim.  *See* Jury Charge 30.

**Memorandum Opinion and Order – Page 10**

preponderance of the evidence. *See* Jury Charge 28 (Doc. 281). Second, as to Defendants' statute-of-limitations defense, the court rejected this defense as a matter of law in its summary judgment opinion. *See* Am. Mem. Op. & Order 31 (Doc. 211). Defendants fail to provide authority as to why this ruling was incorrect, or why they are entitled to judgment as a matter of law on this defense. Finally, with regard to the affirmative defenses of laches and waiver, Defendants fail to show how the evidence would support either defense, or that the court erred in omitting these defenses from the jury instructions.

Finally, the court rejects Defendants' argument that they are entitled to judgment as a matter of law on their counterclaim that Radio Networks breached the audit clause of the Agreement. The jury heard evidence from both sides on this issue, and found in response to Question Number 15 of the Jury Charge that Defendants had not proved this claim by a preponderance of the evidence. *See* Jury Charge 27 (Doc. 281). With regard to the jury's finding, the jury considered evidence and heard testimony from Michael Malone, Radio Networks' finance director, and Pamela Exum, vice-president of BEI and business manager for Mr. Baisden. The jury considered this evidence and testimony and made credibility determinations resulting in their finding that Radio Networks did not breach the Agreement. Matters of credibility and the weight to be given to exhibits and witness testimony are within the exclusive province of the jury. Hearing the evidence, the jury necessarily accepted Radio Networks' version of the facts—that the audit permitted under the Agreement took place—and rejected Defendants' version—that the contractually mandated audit did not take place, or that they were deprived of documents necessary to conduct the audit.

In sum, Defendants have not met their burden for obtaining judgment as a matter of law. They have fallen short of establishing that the facts and inferences point so strongly and

overwhelmingly in their favor "that reasonable jurors could not reach a contrary conclusion." *OneBeacon,* 841 F.3d at 675. As Defendants have not met their burden, and insofar as they are seeking to relitigate the court's summary judgment rulings for a second time, the court denies their motion for judgment as a matter of law.

### B. Motion for New Trial – Rule 59(a)

In support of their motion for a new trial, Defendants argue that a new trial should be granted because: (1) the jury's verdict was against the great weight of the evidence; (2) counsel misconduct permeated the entire trial; and (3) numerous jury instructions were erroneous. *See* Defs.' Mot. 22-24. The court finds these arguments wholly lacking in merit, as they are conclusory, not supported by the record, and are based on sheer speculation and conjecture.

First, Defendants have failed to meet their burden of showing that the jury's verdict was against the great weight of the evidence or that the court's instructions to the jury were erroneous. Defendants' arguments are conclusory, and they fail to cite to any actual evidence presented. Further, Defendants fail to identify which of the jury's findings was against the great weight of the evidence. As to the jury instructions, Defendants' arguments hearken back to the court's summary judgment ruling, and Defendants, once again, attempt to relitigate the issues decided by the court in Radio Networks' favor. For example, Defendants argue that Question Nos. 2, 3, and 5 should not have been included in the instructions. As Plaintiffs correctly note in their response brief, Defendants' argument "simply rehashes their argument that Radio Networks could not prevail on its breach of contract claim because there was no specific provision in the Agreement that required Defendants to return an overpayment under the circumstances here." Pls.' Resp. 17. In addition, as Plaintiffs point out in their response brief, "Defendants' argument that question 6 should not have been included rehashes their argument that Radio Networks was not entitled to prevail on its

**Memorandum Opinion and Order – Page 12**

claim for money had and received." *Id.* Finally, Defendants have failed to adequately explain why the court's instructions concerning Radio Networks' fraudulent transfer claim were erroneous.

Defendants also argue that a new trial is warranted because Radio Networks' counsel's "hyperbolic attacks and defamatory comments about Baisden and his counsel deprived Defendants of a fair trial." Defs.' Mot. 23. According to Defendants, Radio Networks' counsel presented the jury with an "unfair portrayal of Baisden as a fraudulent transferor who was refusing to own up to an alleged contractual obligation." Defs.' Mot. 3, Defendants also complain that Radio Networks' counsel misrepresented to the jury that the parties explicitly agreed in the written contract to repay any alleged overpayments. With respect to Defendants' contention that a new trial is warranted because of counsel misconduct, the court instructed the jury that "the statements and arguments of counsel are not evidence." Jury Charge 1 (Doc. 281). Further, contrary to Defendants' assertions that Mr. Baisden was painted in a bad light, it was Mr. Baisden who painted himself in a bad light. Mr. Baisden's demeanor was patronizing and condescending during his brief time on the witness stand. Putting it bluntly, Mr. Baisden did not make a good witness. He was loud and arrogant, and the jury saw and heard all of this. Mr. Baisden's testimony lasted no more than one and one-half hours, not including the extended bench conference.

In addition, while Defendants' complain about Radio Networks' counsel's "unfair portrayal of Baisden as a fraudulent transferor who was refusing to own up to an alleged contractual obligation," (Defs.' Mot. 3), Mr. Baisden was sued for fraudulent conduct and Radio Networks' requested punitive damages, which the jury awarded it, and any "portrayal" of Mr. Baisden as a "fraudulent transferor" is part and parcel of a fraud claim, and not a ground for a new trial. The argument made by opposing counsel was fair game.

**Memorandum Opinion and Order – Page 13**

Finally, Defendants made no objections during closing argument regarding comments that Plaintiffs' counsel made concerning Mr. Baisden. Had objections been made, the court would have verbally reminded and stressed to the jury that statements and comments by lawyers are not evidence. As Defendants failed to raise any objection during closing argument, they have waived any right to raise these arguments postverdict.

## IV. Conclusion

As previously stated, this civil action was tried over a period of twelve days from June 22, 2017, to July 19, 2017. The jury rendered its verdict on July 19, 2017. The parties vigorously presented competing and conflicting testimony and evidence. Defendants are disappointed with the result, and, in the pending motions, they are seeking to relitigate both the issues decided adversely to them by the court in its June 20, 2017 summary judgment decision (*see* Doc. 211), as well as the verdict returned by the jury on July 19, 2017, finding in favor of Radio Networks on all claims, and finding against them on their affirmative defenses and breach of contract counterclaim. That the jury considers the evidence, assesses the credibility of the witnesses, and comes to a decision contrary to what a party expects, **however**, is not, alone, grounds for a new trial or a reason for the court to enter judgment as a matter of law in favor of the non-prevailing party.

For the reasons herein stated, the court **concludes** that Defendants have not set forth sufficient legal or factual bases on which they are entitled to judgment as a matter of law or identified any basis for a new trial. Accordingly, the court **denies** Defendants' Rule 50 Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial under Rule 59 (Doc. 302).

A judgment will issue separately as required by Federal Rule of Civil Procedure 58. The court determines that Plaintiff is the prevailing party. Accordingly, any request for attorney's fees must be made in accordance with Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 29th day of December 2017.

Sam A. Lindsay
United States District Judge